```
               UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF NEW HAMPSHIRE
```

**Lawrence Maurice Reeves, Jr.**

    v.                                    Civil No. 14-cv-490-PB

**Esker Lee Tatum, Jr.**


### REPORT AND RECOMMENDATION

Lawrence Reeves, an inmate at the Federal Correctional Institution, Berlin, New Hampshire, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, challenging the validity of his 2006 conviction and resulting sentence in the Eastern District of Tennessee.  See United States v. Reeves, No. 3:06-cr-011-RLJ-CCS-1 (E.D. Tenn., Knoxville Div.).  The matter is before this magistrate judge for preliminary review, to determine whether Reeves's § 2241 petition is facially valid and may proceed.  See Rule 4 of the Rules Governing Section 2254 Cases ("§ 2254 Rules"); § 2254 Rule 1(b) (authorizing court to apply § 2254 Rules to habeas corpus petitions not filed pursuant to 28 U.S.C. § 2254); LR 4.3(d)(4)(A).

## Standard

In undertaking the preliminary review of a habeas petition, this court decides whether the petition contains sufficient factual matter, accepted as true, to state a claim to relief that is facially valid.  See McFarland v. Scott, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." (citing § 2254 Rule 4)).  When a habeas petitioner is proceeding pro se, the assertions contained in the petition are construed liberally.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).

## Background

In 2006, a jury in the Eastern District of Tennessee convicted Reeves of possession of cocaine with intent to distribute, using and carrying a firearm in furtherance of drug-trafficking, carjacking, brandishing a weapon in the commission of a violent crime, and being a felon in possession of a weapon. Reeves is serving a 480-month sentence pursuant to those convictions.  Reeves appealed his conviction to the Sixth Circuit, but later filed a motion for voluntary dismissal of his appeal, which was granted.

In 2008, Reeves filed a motion in his criminal case, challenging his conviction and sentence under 28 U.S.C. § 2255, asserting that his trial counsel failed to provide him with effective assistance of counsel in violation of the Sixth Amendment.  The court in the Eastern District of Tennessee denied the § 2255 motion on April 5, 2013.  Reeves's Sixth Circuit appeal was summarily denied on October 16, 2013.  Reeves states that prior to filing the instant § 2241 action in this court, he did not seek the Sixth Circuit's approval to file a successive § 2255 motion because he is "procedurally barred" from doing so.

In this § 2241 action, Reeves challenges the validity of his conviction and sentence on three of the five counts of which he was convicted.  Reeves alleges that he was convicted of two "non-existent offenses" (using and carrying a firearm in furtherance of drug trafficking and brandishing a firearm during the commission of a violent offense), and that he is thus "actually innocent" of those offenses, rendering his convictions therefor a "fundamental miscarriage of justice," that violates his Fifth, Sixth, and Fourteenth Amendment rights.  Reeves further asserts that he was "actually innocent" of carjacking, because the evidence at trial was insufficient to support that charge.

**Discussion**

In general, the court in which a federal defendant was convicted and sentenced has exclusive jurisdiction over motions challenging the validity of the conviction or sentence, pursuant to 28 U.S.C. § 2255.  See Trenkler v. United States, 536 F.3d 85, 96 (1st Cir. 2008).  In general, claims that could have been raised in a direct appeal or in an initial § 2255 motion are procedurally defaulted and may not be raised in a § 2241 petition without a showing of cause and prejudice, except for claims of actual innocence.  See Palmer v. United States, 66 F. App'x 224, 224 (1st Cir. 2004) (citing Sustache-Rivera v. United States, 221 F.3d 8, 17 (1st Cir. 2002)).

> In order to fit within th[e] exception authorizing a petition under § 2241 for a claim that is within the substantive scope of § 2255, it is insufficient simply that relief under § 2255 is unavailable because, for example, a prior motion under § 2255 has been made and a successive motion under that section is disallowed by the court of appeals under the gatekeeping provisions of 28 U.S.C. §§ 2244 and 2255, or because § 2255 relief is unavailable because the Supreme Court hasn ot made a new rule of constitutional law retroactive to cases on collateral review.  The application not only must show that relief is procedurally unavailable under § 2255, but also must assert a claim of actual innocence that (a) is "prov[able] . . . on the existing record," and (b) "could not have effectively [been] raised ... at an earlier time."

Poindexter v. Nash, 333 F.3d 372, 378 (2d Cir. 2003) (internal citations omitted); see also Trenkler, 536 F.3d at 99 (courts

4

have allowed § 2241 cases to be brought under § 2255(e) in "'rare and exceptional circumstances'" evincing a "'complete miscarriage of justice,'" defined as "only those 'extraordinary instances when a constitutional violation probably has caused the conviction of one innocent of the crime.'" (quoting McCleskey v. Zant, 499 U.S. 467 (1991))).

Here, Reeves has provided no reason why his claims could not have been raised earlier, either in his direct appeal or in his initial § 2255 motion, and he has not stated facts to support a viable claim of actual innocence.  At the time of his trial and conviction, Reeves was aware of the charges against him, and presumably would have been able to determine, at that time, whether he was being charged with offenses that did not exist.  Accordingly, the claims raised in this petition are procedurally defaulted, and Reeves must demonstrate "cause and prejudice" for the default in order to proceed in this matter. See Sustache-Rivera v. United States, 221 F.3d 8, 17 (1st Cir. 2002) (whether petition is properly treated as falling under § 2241 or § 2255, petitioner must show cause and prejudice for failure to have previously made a claim).

Reeves has not demonstrated cause and prejudice as to the procedural default of his instant claims.  Reeves asserted ineffective assistance claims in his § 2255 motion, but none of

5

the claims asserted therein related to the issues here, and the grounds that were asserted concerning his trial attorney's performance were rejected by the § 2255 court.  Having raised no other basis to establish "cause" for his failure to raise the instant claim in a previous action, he has failed, to date, to show that his procedural default of the claim should be excused. Finally, Reeves's failure to allege that he is actually innocent of any offense of which he was convicted, and thus that hisconviction has created any manifest injustice, Reeves has not demonstrated any entitlement to have his instant claims heard despite his procedural default.

## Conclusion

For the foregoing reasons, the district judge should find that Reeves may not proceed on his instant § 2241 petition in this court, and should dismiss the petition without prejudice to Reeves seeking permission in the Sixth Circuit to bring a successive § 2255 action.  Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  Failure to file objections within the specified time waives the right to appeal

the District Court's order.  See United States v. De Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010).

 

_____
Andrea K. Johnstone
United States Magistrate Judge

January 20, 2015

cc:   Lawrence Maurice Reeves, Jr., pro se
      Seth R. Aframe, Esq.